LLOYD HUDSPETH v. ROBERT S. BUNZEY AND ELIZABETH O. BUNZEY

No. 7726SC169

(Filed 7 February 1978)

1. **Appeal and Error § 6.7— denial of motion to amend—compulsory counterclaim—immediate appeal**

     The denial of a motion to amend the answer to allege a compulsory counterclaim affects a substantial right and is immediately appealable. G.S. 7A-27(d).

2. **Pleadings § 33.3; Rules of Civil Procedure § 15— denial of amendment to allege defense and counterclaim**

     In an action for breach of a construction contract, the trial court did not abuse its discretion in denying defendants' motion to amend their answer to allege a defense that plaintiff's license as a general contractor limited his recovery for the construction of a dwelling to $75,000 and a counterclaim for the sum which defendants had paid to plaintiff over that amount, where the court considered all attendant circumstances and concluded that justice did not require the amendment, and where the case had been calendared for trial on previous occasions and defendants waited 16 months after plaintiff's reply to file the motion to amend. G.S. 1A-1, Rule 51(a).

APPEAL by defendants from *Friday, Judge.* Order entered 6 January 1977, in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 11 January 1978.

This is a contract action commenced by plaintiff, a general contractor, against defendants for failure to perform their part of a contract under which plaintiff constructed a home for defendants. There are two contracts in dispute; both require plaintiff to construct the home for defendants, but one calls for defendants to pay some $81,000.00, and the other requires defendants to pay cost plus ten percent. Plaintiff alleged that the cost plus ten percent figure amounted to $99,100.70, that defendants paid plaintiff only $81,200.00 and that defendants, therefore, owed plaintiff $17,900.70.

Defendants answered, denying a breach of their agreement with plaintiff and alleging the affirmative defenses of accord and satisfaction, estoppel, and waiver. Additionally, defendants counterclaimed for damages of $15,000.00 which, defendants asserted, resulted from plaintiff's failure to complete the house in a workmanlike manner, with the specified materials, and without defects.

Approximately sixteen months after plaintiff's reply, which in substance denied defendants' allegations as contained in their counterclaim, and following a mistrial of this case, defendants filed a motion, pursuant to G.S. 1A-1, Rule 15, to amend their pleadings. Their proposed amendment asserted a fourth affirmative defense, namely that plaintiff was a general contractor licensed to construct dwellings of a cost limited to $75,000.00 as provided by G.S. 87-1 *et seq.* as it was in force at the time, and that that license limited plaintiff's recovery from defendants to $75,000.00. Defendants further sought, in another counterclaim, to recover from the plaintiff the sum of $6,200.00 which defendants had paid plaintiff over and beyond the $75,000.00 limit.

In denying defendants' motion the trial court entered the following order:

"THIS CAUSE coming on for hearing upon defendants' motion to amend their answer as set forth in the same, and the court having heard the arguments of counsel and having reviewed the pleadings and other matters presented in the cause; and the court being of the opinion that the motion should be denied for the reason that there appears to be substantial compliance with the construction statute (11 N.C. App. 285), especially in view of the fact that 'the purpose of the . . . statute is to protect the public from incompetent builders,' 11 N.C. App. 281, and there seems to be no question that before the statutory amendment the plaintiff was licensed to the extent of $75,000.00; that the statutory pronouncements, at the time of contract, were equally available to the defendants and that they should now, that is, at this late hour, come with clean hands to present their cause.

"IT FURTHER APPEARING TO THE COURT that the concept of defense would be materially changed by allowing the amendment and that the court under said circumstances should not permit the same, 28 N.C. App. 532; 27 N.C. App. 240; that the case ought to be tried on the merits.

"Accordingly, defendants' motion to amend is hereby denied."

From this order, defendants appealed.

*William H. Booe for plaintiff appellee.*

*Echols, Purser & Adams, P.A., by W. Thad Adams III, for defendant appellants.*

ARNOLD, Judge.

[1]　We first consider the appellee's argument that appellants' appeal from the denial of a motion to amend the pleadings is premature. Appellee correctly points out that the trial court's denial of appellants' motion to amend the pleadings is an interlocutory order. G.S. 7A-27(d) provides for appeals from interlocutory orders:

> "From any interlocutory order or judgment of a superior court or district court in a civil action or proceeding which
>
> (1) Affects a substantial right, or
>
> (2) In effect determines the action and prevents a judgment from which appeal might be taken, or
>
> (3) Discontinues the action, or
>
> (4) Grants or refuses a new trial, appeal lies of right directly to the Court of Appeals."

*See also* G.S. 1-277.

In reviewing North Carolina cases dealing with appeals from interlocutory orders we find no case directly concerned with an appeal from a denial of a motion to amend the pleadings. Orders allowing amendments of pleadings are, as a rule, not appealable. *See, e.g. Order of Masons v. Order of Masons*, 225 N.C. 561, 35 S.E. 2d 613 (1945). A case closer to the one before us, however, is *Bank v. Easton*, 3 N.C. App. 414, 165 S.E. 2d 252 (1969), where this Court held that a trial court's striking of an entire further answer or defense was in substance a demurrer and immediately appealable.

By their motion to amend defendants are attempting to assert a second counterclaim which arises out of the same transaction and which is compulsory under G.S. 1A-1, Rule 13(a). Affirmative defenses must be specifically pleaded, G.S. 1A-1, Rule 8, and failure to assert a compulsory counterclaim will ordinarily bar future action on the claim. (*See* Comment, G.S. 1A-1, Rule 13.)

We therefore conclude that the denial of a motion to amend the answer to allege a compulsory counterclaim affects a substantial right and is immediately appealable. Accordingly, we will review defendants' appeal from the trial court's denial of their motion to amend their answer to allege an affirmative defense and a compulsory counterclaim.

[2]    The question presented by this appeal is whether the trial court abused its discretion in denying defendants' motion to amend the pleadings. G.S. 1A-1, Rule 15(a) states:

> "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . ."

It is clear from the facts of the present case that defendants' amendment is possible only by leave of court. Our courts have consistently held that, in a motion to amend addressed to the sound discretion of the trial judge, the trial court has broad discretion in permitting or denying amendments. *See, e.g., Markham v. Johnson,* 15 N.C. App. 139, 189 S.E. 2d 588, *cert. denied,* 281 N.C. 758, 191 S.E. 2d 356 (1972).

While the order of the trial court is circuitously written we agree with plaintiff's argument that the court considered all attendant circumstances and concluded that justice did not require the amendment. The court found that plaintiff was in compliance with the licensing requirements of the statute; that the statutory requirements were available to both parties; and that defendants had waited too long to assert their defense and counterclaim. In view of the record in this case, which reflects that this action had been calendared for trial on previous occasions and that defendants waited sixteen months before attempting to amend their answer, we find no abuse of discretion.

The order denying defendants' motion to amend is

Affirmed.

Judges PARKER and MARTIN concur.