CHARLES KINNARD, D/B/A CLOSET ENTERPRISES, INC. v. MECKLENBURG FAIR, LTD., HORACE WELLS, MACK HUNTER, ED MATLICK, AND SANDRA HUMPHRIES

No. 7926SC917

(Filed 20 May 1980)

**1. Rules of Civil Procedure § 15.1— amendment of complaint not permitted—no error**

 The trial court did not err in denying plaintiff's motion to amend his complaint in a breach of contract action to allege unfair and deceptive acts and practices in violation of G.S. 75-1.1, since plaintiff made his motion to amend two days prior to trial, four years after filing of the complaint, and seven years after the facts which gave rise to the lawsuit; allegations of unfair and deceptive trade practices would greatly change the nature of the defense and would subject defendant to potential treble damages which greatly increased the stakes of the lawsuit; and, had the motion been allowed, further discovery and time for preparation would likely have been sought, thus further delaying trial.

2. **Landlord and Tenant § 13— breach of lease by landlord—directed verdict for landlord improper**

   In an action by plaintiff tenant to recover for breach of a lease agreement, the trial court erred in directing verdict for defendant landlord where the evidence tended to show that plaintiff rented space from defendant for the purpose of holding a flea market; plaintiff promised to pay defendant $1200 at the end of the July 4 weekend after a flea market was held on July 1-3; at the flea market on July 1 defendant's caretaker distributed a circular advertising a flea market with a name similar to the name of plaintiff's flea market which was to operate at the fairgrounds at the same time and place as plaintiff's flea market and which was to be under new management; when plaintiff saw the circulars, he announced at the flea market that he was moving his flea market to another location; on July 3 plaintiff refused to pay the $1200 in rent because of the circulars distributed by defendant; and defendant then evicted plaintiff without giving plaintiff ten days written notice as required by their lease agreement.

3. **Contracts § 27— breach of lease—failure to show amount of damages not fatal to case**

   The fact that plaintiff tenant presented no evidence tending to show his damages resulting from an alleged breach of a lease agreement by defendant landlord was not fatal to plaintiff's case, since a showing that there was a contract and that defendant performed an act rendering it impossible for plaintiff to perform his part of the agreement or there was some breach of the contract, entitled plaintiff at least to nominal damages.

4. **Landlord and Tenant § 13.1— termination of lease—written notice not given—issue as to waiver of notice**

   In an action to recover for breach of a lease agreement, the trial court erred in directing verdict for defendant landlord based in part on the ground that plaintiff, in announcing to his flea market exhibitors that he was moving to another location, gave notice of his intention to leave and therefore could not complain that he was not given ten days notice of the termination of the lease, since whether plaintiff intended by his announcement to waive his right to use the premises for any purpose and whether this was so understood by defendant could not be inferred as a matter of law.

   Judge WEBB dissenting.

APPEAL by plaintiff from *Snepp, Judge.* Judgment entered 11 May 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 26 March 1980.

This is an action for breach of a lease agreement. The trial court granted summary judgment in favor of the individual defendants, directed a verdict in favor of defendant, Mecklenburg Fair, Ltd. and dismissed the counterclaim of defendant Mecklenburg Fair, Ltd. with prejudice. Plaintiff appeals from the directed verdict in favor of defendant.

*Louise E. Fowler, for the plaintiff.*

*Walker, Palmer & Miller, by James E. Walker and Raymond E. Owens, Jr., for the defendant.*

MARTIN (Robert M.), Judge.

[1] Plaintiff by his first assignment of error contends that the court erred in denying his motion to amend his complaint to include a second claim for relief based on unfair and deceptive acts and practices in violation of G.S. 75-1.1. It has been repeatedly held that a motion under Rule 15(a), N.C. Rules Civ. Proc. for leave of court to amend a pleading is addressed to the sound discretion of the trial judge and the denial of such motion is not reviewable absent a clear showing of an abuse of discretion. *Hudspeth v. Bunzey*, 35 N.C. App. 231, 241 S.E. 2d 119, *cert. denied and appeal dismissed*, 294 N.C. 736, 244 S.E. 2d 154 (1978); *Garage v. Holston*, 40 N.C. App. 400, 253 S.E. 2d 7 (1979).

The trial court denied the motion, ". . . it appearing to the Court that there is no just reason for allowing such amendment." Although the trial court did not state specific reasons for the denial of the motion, in the absence of any declared reason for the denial of leave to amend, this court may examine any apparent reasons for such denial. *See Public Relations, Inc. v. Enterprises, Inc.*, 36 N.C. App. 673, 245 S.E. 2d 782 (1978). In the present case we find the following apparent reasons for the denial of leave to amend. The actions complained of occurred from May to July of 1972. Plaintiff filed his action on 27 May 1975. It was not until 8 May 1979, two days prior to the trial on 10 and 11 May 1979, four years after the filing of the action, and seven years after the facts which gave rise to the lawsuit that plaintiff made his motion to amend. The proposed amendment set forth for the first time in the present suit allegations of unfair and deceptive practices under the unfair competition statute. These allegations would not only greatly change the nature of the defense to what was a breach of contract action but also would subject defendant to potential treble damages which greatly increased the stakes of the lawsuit. Had the motion been allowed, further discovery and time for preparation would likely have been sought, thus further delaying the trial. In light of these factors, the judge's denial of plaintiff's motions did not constitute an abuse of discretion.

[2] Plaintiff by his second assignment of error contends the court erred in granting defendant's motion for a directed verdict made at the close of plaintiff's evidence. A motion for directed verdict tests the legal sufficiency of the evidence to take the case to the jury and support a verdict for the plaintiff. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E. 2d 678 (1977). In determining whether the evidence is sufficient, all of the evidence must be considered in the light most favorable to the nonmoving party and he must be given every reasonable inference that may be drawn therefrom. *Reeves v. Musgrove*, 39 N.C. App. 43, 249 S.E. 2d 455 (1978).

Plaintiff's evidence considered in the light most favorable to him tends to show that he was sole shareholder of Closet Enterprises, Inc., a promotional business which derived its income from renting space to exhibitors and dealers including flea market dealers. On 26 June 1972 plaintiff signed a lease agreement with defendant Mecklenburg Fair, Ltd. The effective date of the lease was retroactive to 1 January 1972 and covered the period from January to June 1972 during which plaintiff and defendant were negotiating aspects of the lease agreement. At the time the lease was signed, plaintiff was in arrears under the written lease, the amount of which was in dispute. Pursuant to an oral agreement, plaintiff promised to pay defendant $1200 at the end of the 4th of July weekend, after a flea market was held on July 1-3.

At the flea market on 1 July 1972, defendant's caretaker distributed a circular advertising a flea market with a name similar to the name of plaintiff's flea market which was to operate at the fairgrounds at the same time and place as plaintiff's flea market and which was to be under new management. When plaintiff saw the circulars he announced at the flea market that he was moving his flea market to another location. Plaintiff's evidence also tends to show that plaintiff had been making arrangements to move his flea market in May 1972.

On 3 July 1972, defendant made a demand for the $1200 which plaintiff refused to pay because of the circulars distributed by defendant. When plaintiff refused to pay, a "confrontation" ensured in which defendant's president said that plaintiff was not to come on the premises again and to get off the premises. Later that evening when plaintiff attempted to leave, the gates were

locked and the locks changed. While trying to get out, plaintiff observed defendant's employee outside the gate with what appeared to be a gun. Plaintiff.then called the police who let plaintiff out. The following day plaintiff returned to prepare for the next event and was arrested for trespassing, a warrant for his arrest having been sworn out by defendant's president. Plaintiff thereafter moved his flea market to another location.

Plaintiff's evidence further tends to show that defendant breached the lease by interfering with his business and by either terminating the lease or taking possession of the leased premises without giving plaintiff ten days written notice pursuant to the following provisions in the lease.

> 16. LANDLORD'S RIGHT TO TERMINATE. In addition to LANDLORD'S other available remedies as by law provided, LANDLORD may in all events terminate this Lease upon the happening of any one of the following events:

>> A. Breach of any of the terms of this Lease by TENANT, including but not limited to the timely payment of either the base rental or the percentage rental, or both;

> *    *    *

> Should LANDLORD elect to terminate this Lease for either A or B above, it shall do so by giving 10 days prior written notice to TENANT.

> *    *    *

> 18. LANDLORD'S RIGHT OF RE-ENTRY: Supplemental to LANDLORD'S option to terminate this lease upon a breach thereof by TENANT, LANDLORD may — in the alternative — elect to take possession of the leased premises upon such breach and act as TENANT'S agent for the purpose of subleasing the same. All receipts from such subleasing shall be credited to the rentals otherwise due from TENANT according to the terms of this Lease. This right of re-entry may be exercised upon 10 days prior written notice to TENANT and may be exercised without the necessity of LANDLORD instituting any legal proceedings.

Hence, regardless of whether plaintiff was in breach by his refusal to pay rent on 3 July 1972, he was entitled to 10 days

notice prior to termination or re-entry by defendant. Defendant's failure to give such notice constitutes a breach of the lease agreement by defendant. Furthermore, unauthorized entry and repossession of the leased premises by the lessors constitutes a breach of the lease agreement. The lessee, at his election, may sue for damages. *Produce Co. v. Currin,* 243 N.C. 131, 90 S.E. 2d 228 (1955).

It may be that both parties are in breach. However, "[a] partial breach by one party . . . does not justify the other party's subsequent failure to perform; both parties may be guilty of breaches, each having a right to damages." 4 A. Corbin, Contracts § 946 (1951). Even if plaintiff's refusal to pay rent is considered a total breach, a total breach does not always terminate the other party's duty to perform. 4 A. Corbin, *supra.* This is particularly true in the present case where the duty to give notice arises on the lessee's breach. Therefore, plaintiff is not precluded from recovering damages for defendant's breach of contract.

[3]  Plaintiff, who relocated the flea market within a few weeks, presented no evidence tending to show his damages. This, however, is not fatal to plaintiff's case as defendant suggests. "Where plaintiff's evidence tends to show the existence of a contract between the parties and that defendant performed an act rendering it impossible for plaintiff to perform his part of the agreement, or otherwise makes out a *prima facie* case of breach of contract, a motion to nonsuit is properly denied irrespective of the evidence of damage, since breach of contract entitles the injured party to nominal damages at least." *Cook v. Lawson,* 3 N.C. App. 104, 107, 164 S.E. 2d 29, 32 (1968), quoting 2 Strong's N.C. Index 2d, Contracts § 27 (1967).

[4]  The court in granting defendant's motion for a directed verdict based its order in part on the ground that plaintiff in announcing to his exhibitors on 2 July 1972 that he was moving to another location gave notice of his intention to leave and, therefore could not complain of not having ten days notice of the termination of the lease. The issue raised is whether plaintiff waived his right to notice.

A waiver takes place where a man dispenses with the performance of something which he has a right to exact. A party may excuse performance expressly or by conduct which natu-

rally and justly leads the other party to believe that performance is dispensed with. There can be no waiver unless so intended by one party, and so understood by the other. It is a question of intent, which may be inferred from a party's conduct. Intent is an operation of the mind and should be proven and found as a fact and is rarely to be inferred as a matter of law. *Manufacturing Co. v. Lefkowitz*, 204 N.C. 449, 168 S.E. 517, and authorities there cited.

*Construction Co. v. Crain and Denbo, Inc.*, 256 N.C. 110, 118-19, 123 S.E. 2d 590, 596 (1962). In the case at bar, plaintiff announced only that he was moving his flea market business to another location. The testimony shows, however, that plaintiff promoted numerous other events at the exhibition grounds. Whether plaintiff intended by his announcement to waive his right to notice of termination of his right to use the premises for any purpose and whether this was so understood by defendant cannot be inferred as a matter of law and does not provide a basis for a directed verdict. We think plaintiff's evidence of breach of the lease agreement was sufficient to go to the jury.

Reversed.

Judge HILL concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent from the majority. I believe when the plaintiff announced he was moving the flea market to another location and did not pay the rent as he agreed to do, he breached the lease agreement and is not entitled to damages. I vote to affirm.