CHARLES R. KINNARD, D/B/A CLOSET ENTERPRISES, INC. V. MECKLENBURG FAIR, LTD., HORACE WELLS, MACK HUNTER, ED MATTICK, SANDRA HUMPHRIES

No. 52

(Filed 2 December 1980)

ON appeal by defendant from the decision of the North Carolina Court of Appeals, reported in 46 N.C. App. 725, 266 S.E. 2d 14 (1980), which reversed the judgment of *Snepp, Judge,* entered at the 11 May 1979 Session of Superior Court, MECKLENBURG County, granting defendant's motion for directed verdict at the close of plaintiff's evidence.

Plaintiff instituted this action to recover damages for breach of a lease agreement between Closet Enterprises, Inc., a corporation wholly owned by plaintiff, and Mecklenburg Fair, Ltd. Plaintiff is a promoter and used the leased premises on the Mecklenburg fairgrounds primarily to operate a flea market. Other events, such as gospel sings and wrestling events, were also held there, but the flea market appears to have been plaintiff's main business.

The lease agreement, signed on 26 June 1972 but effective 1 January 1972, set the base rental at $2000 per month. Additionally, defendant was entitled to receive certain percentages of the receipts for old business, new business and concessions. The agreement also required plaintiff to pay the utility bills for the leased premises. Plaintiff was behind in his rent at the time the lease agreement was signed, both in base and percentage receipts rent but the amount was disputed. During the 26 June 1972 meeting of the corporate defendant's board of directors, at which the lease was signed, plaintiff agreed to make a $1200 payment to defendant at the end of the July Fourth weekend.

At the flea market held on that weekend defendant's caretaker-employee distributed a circular advertising a flea market with a name similar to that of plaintiff's flea market which was to operate at the fairgrounds at the same time and place as plaintiff's market and was to be under new management. When plaintiff saw the circulars he announced over the loudspeakers that his flea market was moving to a new location. Plaintiff testified that he had begun making arrangements to move his flea market in May 1972. On 3 July 1972 Horace Wells, president of the corporate defendant, demanded payment of the $1200 from plaintiff. Plaintiff refused to pay and was told to leave the grounds and not to return. When plaintiff attempted to leave later that evening, he found that the gates were locked and the locks had been changed. He saw the corporate defendant's caretaker outside the gate with what

appeared to be a gun. Plaintiff then called the police. After the police arrived, he was let out. When plaintiff returned to the fairgrounds the next day to prepare for the next event, he was arrested for trespassing.

Plaintiff filed suit against Mecklenburg Fair, Ltd., and several individuals for breach of the lease agreement by interference with his business and termination of the lease and taking possession of the premises without giving the ten days written notice required by the lease. The corporate defendant counterclaimed for damages and an accounting. The trial court granted summary judgment in favor of the individual defendants and, at the close of plaintiff's evidence, directed a verdict in favor of defendant Mecklenburg Fair, Ltd. The corporate defendant's counterclaim was dismissed with prejudice. Plaintiff appealed to the Court of Appeals from the directed verdict. That court (Martin (Robert M.), J., with Hill, J., concurring) reversed the directed verdict, holding that whether plaintiff waived his right to notice of termination was an issue for the jury. Judge Webb dissented, reasoning that because plaintiff had breached the lease by falling behind in rent, he was not entitled to written notice of termination.

Defendant appeals to this Court of right pursuant to G.S. § 7A-30 (2) (1969).

*Louise E. Fowler for plaintiff-appellee.*

*Walker, Palmer & Miller, P.A., by James E. Walker and Raymond E. Owens, Jr., for defendant-appellant.*

PER CURIAM.

We have carefully examined the Court of Appeals' opinion and the briefs and authorities on the points in question. We find the result reached by the Court of Appeals, its reasoning, and the legal principles enunciated by it to be altogether correct and adopt that opinion as our own. Its decision is, therefore,

Affirmed.

Justice BROCK took no part in the consideration or decision of this case.