RICHARD M. BUCHANAN AND WIFE, SHARON S. BUCHANAN v. THOMAS L. ROSE AND WIFE, ELIZABETH S. ROSE AND ONE-STOP SHOP, INC.

No. 811SC1312

(Filed 2 November 1982)

**Appeal and Error § 6.2— denial of motion to amend pleadings—not immediately appealable**

An order of the trial judge which refused to allow the defendants to amend their answer was an interlocutory order, and was not immediately appealable. G.S. 1A-1, Rule 15(a) and G.S. 7A-27(d).

APPEAL by defendants from *Small, Judge.* Order entered 26 August 1981 in Superior Court, CAMDEN County. Heard in the Court of Appeals 17 September 1982.

Based on a business dispute between the parties, plaintiffs filed a complaint on 28 August 1980 seeking damages for breach of contract or in the alternative, a one-third ownership in the business, and damages for fraud. After an extension of time was granted, defendants answered on 27 October 1980. They denied that any contract to convey part of the business to the plaintiffs ever existed and counterclaimed for $1,000 that they loaned to one of the plaintiffs.

On 20 July 1981, defendants moved to amend their answer pursuant to G.S. 1A-1, Rule 15(a) and, in a separate motion, for leave to grant interrogatories. The plaintiffs filed motions in opposition to defendants' motions on 24 July 1981.

The defendants again moved to amend their answer on 29 July 1981 to add the Statute of Frauds as a defense. Plaintiffs filed opposition motions on 31 July 1981.

At a hearing on 17 August 1981, the trial court denied the motions to amend and allowed some discovery. An order to that effect was entered on 26 August 1981. From that order, defendants gave timely notice of appeal.

*O. C. Abbott for plaintiff-appellees.*

*Walker, Romm & Flora, by John J. Flora, III, for defendant-appellants.*

ARNOLD, Judge.

Defendants attack the refusal of the trial judge to allow them to amend their answer. Under G.S. 1A-1, Rule 15(a), amendment of a pleading after the time for pleading has expired is "only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires." But an order denying a motion to amend pleadings is an interlocutory order, and is not immediately appealable. *Calloway v. Ford Motor Co.*, 281 N.C. 496, 501, 189 S.E. 2d 484, 488 (1972). *See also, O'Neill v. Bank*, 40 N.C. App. 227, 230, 252 S.E. 2d 231, 234 (1979).

Although this appeal is not from a final order, G.S. 7A-27(d) allows appeal as a matter of right from an interlocutory order which

(1) Affects a substantial right, or

(2) In effect determines the action and prevents a judgment from which appeal might be taken, or

(3) Discontinues the action, or

(4) Grants or refuses a new trial.

This statute should be strictly construed for "the purpose of eliminating the unnecessary delay and expense of fragmented appeals and of presenting the whole case for determination in a single appeal from a final judgment." *Funderburk v. Justice*, 25 N.C. App. 655, 656, 214 S.E. 2d 310, 311 (1975).

We do not find that a substantial right of the defendants will be irreparably damaged if we do not allow this appeal. This case is not like *Hudspeth v. Bunzey*, 35 N.C. App. 231, 241 S.E. 2d 119, *disc. rev. denied,* 294 N.C. 736, 244 S.E. 2d 154 (1978), where it was held that denial of a motion to amend an answer to assert a compulsory counterclaim affected a substantial right. The court in *Hudspeth* found that failure to assert a compulsory counterclaim will ordinarily bar future action on the claim. Here, the case can proceed to trial with the loser there having a right of appeal to this Court. None of the other three exceptions in G.S. 7A-27(d) is applicable here.

As a result, we dismiss this appeal as interlocutory.

Dismissed.

Judges MARTIN and WHICHARD concur.