GRANT & HASTINGS, P.A. v. MELISSA H. ARLIN

No. 8519DC768

(Filed 19 November 1985)

**Rules of Civil Procedure § 15.1 — motion to amend answer to allege counterclaim — denied — no abuse of discretion**

In an action for the value of legal services in which defendant made a motion to amend her answer to allege a counterclaim six months after the original action was filed, the trial judge had broad discretion to permit or deny the amendment whether the counterclaim to be alleged was compulsory or permissive, and defendant showed no abuse of that discretion in the denial of her motion. G.S. 1A-1, Rule 15.

APPEAL by defendant from *Neely, Judge*. Order entered 27 March 1985 in District Court, CABARRUS County. Heard in the Court of Appeals 7 November 1985.

This is a civil action wherein plaintiff seeks to recover $5,107.33 for legal services rendered pursuant to a contract for such services. An answer was filed but not signed by defendant

and signed by Alfred J. Weisbrod of Ohio on 10 January 1984. Plaintiff filed a motion to strike the answer for failure to comply with Rule 11(a) of the N.C. Rules of Civil Procedure on 30 January 1984. A second answer was filed on behalf of defendant on 15 February 1984, admitting that she entered into an attorney-client relationship with plaintiff but denying that appropriate legal services were rendered and that plaintiff was entitled to attorney's fees. This answer was filed after the time for filing an answer had expired but no objection of record appears to have been made. On 19 April 1984, plaintiff filed a motion for summary judgment which was not heard because the discovery period had not expired. On 24 April 1984, defendant filed a motion for production and inspection of documents and a set of interrogatories to plaintiff. Plaintiff answered the interrogatories on 23 May 1984. Upon completion of discovery, the motion for summary judgment was heard and entered for plaintiff on 26 July 1984. On motion of defendant, the summary judgment was stricken "as a result of the incorrect recollection of Defendant's counsel concerning the date of hearing, his mistake, his inadvertence or his excusable neglect."

On 29 August 1984, defendant made a motion to amend her answer to assert a counterclaim alleging malfeasance, negligence and fraud against plaintiff and against a third-party defendant. Subsequent to filing the motion to amend, defendant petitioned for removal to federal court based on diversity of citizenship. On 5 February 1985, the federal district court remanded the case to the district court division of the general court of justice of the State of North Carolina at Cabarrus County, finding that the removal petition "was frivolous and was in all likelihood interposed merely for the purposes of delay, harassment, or for other improper reasons" and on 4 March 1985 ordered that defendant pay plaintiff's costs in connection with the petition for removal, including attorney's fees. On 28 February 1985 defendant filed a proposed amendment to her original amendment, requesting a trial by jury and changing the allegation of damages. On 27 March 1985, Judge Neely denied defendant's motion to amend her answer to set up a counterclaim against plaintiff and to bring in a third-party defendant. From this order, defendant appealed.

*Kluttz, Hamlin, Reamer, Blankenship and Kluttz, by Richard R. Reamer, for plaintiff, appellee.*

*Myers, Ray, Myers, Hulse & Brown, by R. Kent Brown, for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant contends that the trial judge erred in denying her motion to amend her answer to allege a counterclaim for malfeasance, negligence, and fraud. She argues that the trial court erred in finding and concluding that the counterclaim she sought to allege was a compulsory counterclaim. She argues that the counterclaim was permissive.

In *Garage v. Holston*, 40 N.C. App. 400, 253 S.E. 2d 7 (1979) we held that a motion made pursuant to G.S. 1A-1, Rule 15 for leave of court to amend to allege a counterclaim was addressed to the sound discretion of the trial judge and the denial of such a motion was not reviewable absent a clear showing of abuse of discretion. We have also held that an order denying a motion to amend an answer was interlocutory and not immediately appealable, *Buchanan v. Rose*, 59 N.C. App. 351, 296 S.E. 2d 508 (1982), but that denial of a motion to amend to allege a compulsory counterclaim was immediately appealable under G.S. 1-277 as affecting a substantial right. *Hudspeth v. Bunzey*, 35 N.C. App. 231, 241 S.E. 2d 119, *disc. rev. denied and appeal dismissed,* 294 N.C. 736, 244 S.E. 2d 154 (1978).

In the present case, defendant made a motion to amend her answer to allege a counterclaim six months after the original answer was filed. Thus, under G.S. 1A-1, Rule 15, the trial judge had broad discretion to permit or deny the amendment, whether the counterclaim to be alleged was compulsory or permissive. Since defendant has shown no abuse of discretion on the part of the judge in denying the motion to amend, it is not necessary to decide whether the counterclaim was compulsory or permissive.

The order denying defendant's motion to amend is affirmed.

Affirmed.

Judges WELLS and EAGLES concur.