PAULINE R. BANNER v. ALBERT N. BANNER AND ALBERT N. BANNER v. PAULINE R. BANNER

No. 8621DC1229

(Filed 21 July 1987)

**1. Divorce and Alimony § 18.3— counterclaim for alimony—amendment to allege abandonment as grounds not allowed**

　　In an action for absolute divorce based on one year's separation where defendant counterclaimed for alimony, the trial court did not err in denying her motion to amend her counterclaim to allege abandonment as the ground for

her claim, since defendant admitted that she and plaintiff had lived separate and apart for six years before trial; never during that period had defendant filed an action alleging abandonment or requesting alimony and alimony *pendente lite*; the action had been pending for ten months, but defendant did not move to amend her complaint to add the ground of abandonment until the day of the trial; to have allowed defendant to amend her claim at that point would have caused further delay in the trial of the action; further delay is a sufficient reason to deny a motion to amend; and allowing the amendment would have required plaintiff to defend a stale abandonment claim when he was already entitled to divorce based on one year's separation.

**2. Divorce and Alimony § 20.1— claim for alimony—effect of divorce decree**

The trial court properly entered summary judgment for defendant in plaintiff's action for alimony since the parties were already divorced when plaintiff instituted her action. Furthermore, there was no merit to plaintiff's contention that her action was filed on 20 April 1984 before judgment was entered on the record book on 25 April 1984, since the trial court granted defendant an absolute divorce and stated its terms in open court on 5 April 1984, but the judgment was not entered on the record book until three weeks later because of plaintiff's counsel's request to review the drafted judgment before it was entered.

**3. Divorce and Alimony § 20.1; Rules of Civil Procedure § 41.1— voluntary dismissal of alimony claim—absolute divorce decree—alimony claim barred**

Once the parties were divorced, the wife, who had taken a voluntary dismissal of her alimony counterclaim, was barred from bringing a new alimony claim, despite the one year extension of N.C.G.S. § 1A-1, Rule 41(a).

APPEAL by plaintiff Pauline R. Banner and defendant Pauline R. Banner from *Harrill, Judge.* Judgments entered 25 April 1984 and 21 July 1986 in District Court, FORSYTH County. Heard in the Court of Appeals 8 April 1987.

This appeal involves two related cases both of which concern Mrs. Banner's action for alimony and which were consolidated for appeal. We affirm the trial court's decisions in both cases.

On 2 June 1983, Albert N. Banner filed an action for absolute divorce based on one year's continuous separation from Pauline R. Banner. Mrs. Banner answered and counterclaimed for alimony, but failed to set forth abandonment as the ground upon which she based her claim.

On 5 April 1984, the day of the pretrial conference, Mrs. Banner claimed that she was unaware that her counterclaim was defective and made a motion to amend it to include her grounds for alimony. This motion was denied.

On that same day, the parties went to trial and Mrs. Banner repeated her motion to amend, which was again denied. The trial proceeded on the divorce action alone and both Mr. Banner and Mrs. Banner testified that they had been separated since April, 1978, and that the separation was voluntary. Before resting, Mrs. Banner gave notice that she was taking a voluntary dismissal pursuant to N.C.G.S. § 1A-1, Rule 41(a) on her counterclaim and she also withdrew her answer. The trial court then granted the divorce, dictated its terms and directed that counsel for Mr. Banner prepare the judgment and order reflecting the terms of the divorce. At Mrs. Banner's counsel's request, the trial court also directed that the drafted judgment and order be forwarded to him for review prior to being signed by the trial judge. Almost three weeks later Mrs. Banner's counsel approved the judgment. It was subsequently signed, filed and entered into the court's record book on 25 April 1984. From the judgment which denied her motion to amend, Mrs. Banner appealed.

On 20 April 1984, Mrs. Banner filed a new action in which she sought alimony and alimony *pendente lite* on the grounds that Mr. Banner willfully abandoned her in April, 1978. Mr. Banner filed an answer denying the allegations and moved for summary judgment on the grounds that the action was not timely filed and that there were no genuine issues of material fact. Summary judgment was granted and Mrs. Banner appealed.

*Womble Carlyle Sandridge & Rice, by David P. Shouvlin, attorney for Pauline R. Banner, appellant.*

*Badgett, Calaway, Phillips, Davis, Stephens, Peed & Brown, by Charles O. Peed, attorney for Albert N. Banner, appellee.*

ORR, Judge.

I.

[1]   Mrs. Banner argues that the trial court erred in denying her motion to amend her counterclaim. We do not agree.

Although N.C.G.S. § 1A-1, Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," the trial court has broad discretion in permitting or denying amendments after the time for amending as a matter of law has expired. *Willow Mountain Corp. v. Parker*, 37 N.C. App. 718, 247 S.E. 2d

11, *disc. rev. denied*, 295 N.C. 738, 248 S.E. 2d 867 (1978). In deciding whether or not to allow an amendment the trial court must also weigh the motion in light of the attendant circumstances. *Gladstein v. South Square Assoc.*, 39 N.C. App. 171, 249 S.E. 2d 827 (1978), *disc. rev. denied*, 296 N.C. 736, 254 S.E. 2d 178 (1979).

The trial court's ruling on a motion to amend is not reviewable on appeal in the absence of a showing of an abuse of discretion. *Mangum v. Surles*, 12 N.C. App. 547, 183 S.E. 2d 839 (1971), *rev'd on other grounds*, 281 N.C. 91, 187 S.E. 2d 697 (1972). Absent any declared reason for denial of leave to amend, the appellate court may examine any apparent reasons for such denial. *Kinnard v. Mecklenburg Fair*, 46 N.C. App. 725, 266 S.E. 2d 14, *aff'd*, 301 N.C. 522, 271 S.E. 2d 909 (1980).

Although no specific reasons were given in the case *sub judice*, there were apparent reasons for denying Mrs. Banner's motion to amend. Mrs. Banner admitted in her answer that she and Mr. Banner had lived separate and apart since April 1978, six years before the trial. Yet never during that six year period had she filed an action alleging abandonment or requesting alimony and alimony *pendente lite*. In addition, this action had been pending for ten months, but Mrs. Banner did not move to amend her complaint to add the grounds of abandonment until the day of the trial. To have allowed Mrs. Banner to amend her claim at that point would have caused further delay in the trial of this action. Further delay is a sufficient reason to deny a motion to amend. *See Kinnard v. Mecklenburg Fair*, 46 N.C. App. 725, 266 S.E. 2d 14.

Furthermore, allowing the amendment would have required Mr. Banner to defend a stale abandonment claim, when he was already entitled to a divorce based on one year's continuous separation pursuant to N.C.G.S. § 50-6.

In light of these factors the trial court's denial of Mrs. Banner's motion did not constitute an abuse of discretion. Therefore, we affirm the decision of the trial court.

## II.

[2] Mrs. Banner also argues that the trial court erred in granting Mr. Banner's summary judgment motion, because the factual matter of whether she is entitled to alimony and alimony

---

**Banner v. Banner**

---

*pendente lite* on the grounds that Mr. Banner abandoned her is still in dispute. We disagree.

The purpose of summary judgment is to bring litigation to an early decision on the merits without the delay and expense of a trial, where it can be readily demonstrated that no material facts are in issue. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 533, 180 S.E. 2d 823, 829 (1971). "The party moving for summary judgment has the burden of clearly establishing the lack of any triable issue of fact by the record properly before the court." *Singleton v. Stewart*, 280 N.C. 460, 465, 186 S.E. 2d 400, 403 (1972).

Mr. Banner has clearly met the burden of showing that there are no genuine issues of fact for trial. The record shows that Mrs. Banner was barred from bringing an action for alimony, because the parties were already divorced.

N.C.G.S. § 50-11, "Effects of absolute divorce" provides that:

> (a) After a judgment of divorce from the bonds of matrimony, all rights arising out of the marriage shall cease and determine . . . .
>
> . . .
>
> (c) Except . . . a decree of absolute divorce shall not impair or destroy the right of a spouse to receive alimony and other rights provided for such spouse under any judgment or decree of a court rendered before or at the time of the rendering of the judgment for absolute divorce.

Once a divorce judgment is rendered, this statute acts as a bar to the recovery of alimony, subject to the provisions of N.C.G.S. § 50-19 and N.C.G.S. § 50-6.

N.C.G.S. § 50-19 provides in pertinent part that:

> (a) . . . any action for divorce under the provisions of G.S. 50-5 or G.S. 50-6 that is filed as an independent, separate action may be prosecuted during the pendency of an action for:
>
> > (1) Alimony;
> >
> > (2) Alimony *pendente lite*;
> >
> > . . .

(c) Notwithstanding the provisions of this section, any divorce obtained under G.S. 50-5 or G.S. 50-6 by a supporting spouse shall not affect the rights of a dependent spouse with respect to any action for alimony or alimony pendente lite that is pending at the time the judgment for divorce is granted.

Similarly, N.C.G.S. § 50-6 states in part that:

. . . a divorce under this section shall not affect the rights of a dependent spouse with respect to alimony which have been asserted in the action or any other pending action.

The intent of the legislature in enacting these provisions was to allow an absolute divorce pursuant to N.C.G.S. § 50-6 and still protect the rights of a dependent spouse to alimony raised in actions pending at the time of the divorce judgment. *Wilhelm v. Wilhelm*, 43 N.C. App. 549, 259 S.E. 2d 319 (1979).

Mrs. Banner argues, however, that under N.C.G.S. § 1A-1, Rule 58, her new action for alimony and alimony *pendente lite* was filed prior to the entry of the divorce judgment. Rule 58 provides that:

. . . Upon a jury verdict that a party shall recover only a sum certain or costs or that all relief shall be denied or upon a decision by the judge in open court to like effect, the clerk, in the absence of any contrary direction by the judge, shall make a notation in his minutes of such verdict or decision and such notation shall constitute the entry of judgment for the purposes of these rules. . . .

In other cases where judgment is rendered in open court, the clerk shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry of judgment for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing.

The trial court granted Mr. Banner an absolute divorce and stated its terms in open court on 5 April 1984. However, this judgment was not entered on the record book until 25 April 1984, because of Mrs. Banner's counsel's request to review the drafted judgment before it was entered. While the judgment was being

reviewed, Mrs. Banner filed a new action on 20 April 1984, in which she alleged abandonment as grounds for alimony and alimony *pendente lite.* Mrs. Banner argues that since the entry of judgment did not take place until 25 April 1984 and she filed her new alimony claim on 20 April 1984, that her action was pending at the time the divorce judgment was entered and she still has a valid claim.

A judgment or order is not final under Rule 58 until it is entered on the clerk's minute book. *See Taylor v. Triangle Porsche-Audi, Inc.,* 27 N.C. App. 711, 220 S.E. 2d 806 (1975), *disc. rev. denied,* 289 N.C. 619, 223 S.E. 2d 396 (1976). However, the purpose of this rule is merely to give all parties fair notice of the entry of judgment. *Rivers v. Rivers,* 29 N.C. App. 172, 223 S.E. 2d 568, *disc. rev. denied,* 290 N.C. 309, 225 S.E. 2d 829 (1976). Even though recording the judgment may be essential to be effective against third persons, the "entry" of judgment is not essential as to the parties themselves. 46 Am. Jur. 2d *Judgments* § 57 (1969).

In the case at bar both of the parties and their attorneys were present in the courtroom when the divorce was granted and they were both fully aware of the terms of that divorce. Yet, the judgment could not be formally entered until Mrs. Banner's counsel had reviewed it. Mrs. Banner should not now be allowed to file a new alimony claim, when she was responsible for the delay in the divorce judgment being entered.

Mrs. Banner's new alimony action is barred, however, regardless of whether or not the divorce judgment was formally entered in the record book. N.C.G.S. § 50-19 provides that a divorce shall not affect the rights of a dependent spouse with respect to any action for alimony which is "pending" at the time the divorce judgment is "granted." The divorce judgment here was granted in open court on 5 April 1984. At that time there was no action for alimony or alimony *pendente lite* pending. Therefore, any claim for alimony brought after that date was barred.

Mrs. Banner also argues that the voluntary dismissal taken pursuant to N.C.G.S. § 1A-1, Rule 41(a) on her alimony counterclaim kept that action alive and pending for one year. Rule 41(a)(1) provides, in pertinent part:

> . . . an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case . . . . Unless otherwise stated in the notice of dismissal . . . , the dismissal is without prejudice . . . . If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal . . . .

Although the language of Rule 41(a) refers to plaintiffs, the rule applies with equal force to a defendant's counterclaim. W. Shuford, *N.C. Civil Practice and Procedure* § 41-4 (2d ed. 1981). In addition, while the rule requires "filing a notice of dismissal," such notice may also be given orally in open court. *Id.*

A voluntary dismissal under the current Rules of Civil Procedure is substantially the same as a voluntary nonsuit under the former procedure. *Collins v. Collins*, 18 N.C. App. 45, 196 S.E. 2d 282 (1973). "Under the former practice a judgment of voluntary nonsuit terminated the action and no suit was pending thereafter on which the court could make a valid order. . . . We think the same rule applies to an action in which a plaintiff takes a voluntary dismissal under G.S. 1A-1, Rule 41(a)(1)." *Id.* at 50, 196 S.E. 2d at 286.

[3] Since Mrs. Banner terminated her alimony counterclaim by taking a voluntary dismissal, there was no alimony action pending at the time the divorce judgment was granted. Therefore, once the parties were divorced, Mrs. Banner was barred from bringing a new alimony claim, despite the one year extension of Rule 41(a). We hold that summary judgment was appropriately granted and that the decision of the trial court should be affirmed.

Affirmed.

Judges ARNOLD and WELLS concur.