HOUSE HEALERS RESTORATIONS, INC., PLAINTIFF v. MARSHALL R. BALL
     AND TRIDEVESCO, INC., DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. JULES
     W. SMYTHE, JR., AND VINTAGE PROPERTIES, INC., THIRD-PARTY
     DEFENDANTS

HOUSE HEALERS RESTORATIONS, INC., PLAINTIFF v. TRIDEVESCO, INC.,
     DEFENDANT AND THIRD-PARTY PLAINTIFF v. JULES W. SMYTHE, JR., AND
     VINTAGE PROPERTIES, INC., THIRD-PARTY DEFENDANTS

HOUSE HEALERS RESTORATIONS, INC., PLAINTIFF v. DALLAS A. SMITH,
     JR., PHILIP C. DEATON, AND TRIDEVESCO, INC., DEFENDANTS AND THIRD-
     PARTY PLAINTIFFS v. JULES W. SMYTHE, JR., AND VINTAGE PROPER-
     TIES, INC., THIRD-PARTY DEFENDANTS

No. 9121SC1232

(Filed 7 December 1993)

1. **Appeal and Error § 99 (NCI4th); Pleadings § 303 (NCI4th) — amendment of pleadings denied — compulsory counterclaims — denial of amendment immediately appealable**

Counterclaims were compulsory, and the denial of a motion to amend an answer to add those counterclaims and addi-

tional parties was immediately appealable, where defendant conceded that the claims arose from the same series of transactions as the original complaints.

**Am Jur 2d, Appeal and Error § 99; Counterclaim, Recoupment, and Setoff § 4.**

2. **Pleadings § 364 (NCI4th)— motion to amend pleadings to add compulsory counterclaims—denied—no abuse of discretion**

The trial court did not abuse its discretion by denying a motion to amend an answer to add compulsory counterclaims and additional parties where, although the trial judge made no findings to support the denial of its motion, Vintage, the third-party defendant seeking to add counterclaims, proffered counterclaims one year and three months after the filing of the complaint and after extensive discovery had taken place, the counterclaims would require evidence of transactions which occurred three to five years earlier, and Vintage sought to allege unfair and deceptive business practices for the first time. The non-movants should not be penalized with more discovery and litigation because Vintage and House Healers were initially acting *pro se* and their first attorney was dilatory.

**Am Jur 2d, Pleading § 310.**

Judge GREENE concurring.

Appeal by third-party defendant Vintage Properties, Inc. from order entered 27 August 1991 by Judge Thomas W. Seay, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 1 December 1992.

*Blanton & Blanton, by Ted Blanton, for third-party defendant-appellant Vintage Properties, Inc.*

*Hatfield, Mountcastle, Deal & Van Zandt, by Jeffrey I. Hrdlicka and John P. Van Zandt, III, for defendants and third-party plaintiffs.*

LEWIS, Judge.

Plaintiff House Healers Restorations, Inc. (hereafter "House Healers"), a North Carolina corporation engaged in the repair and restoration of residential and commercial properties, initiated three actions on 19 March 1990 to perfect and enforce liens filed against

**HOUSE HEALERS RESTORATIONS, INC. v. BALL**

[112 N.C. App. 783 (1993)]

defendants for construction and renovation work performed by plaintiff on defendants' real properties. Defendants, Tridevesco, Inc. (hereafter "Tridevesco") and its shareholders, denied plaintiff's allegations and filed counterclaims in the three actions alleging that plaintiff had been paid and no further payment was owed. They also filed third-party complaints against Vintage Properties, Inc. (hereafter "Vintage") and Jules W. Smythe, Jr., president of both House Healers and Vintage. House Healers and Vintage, acting *pro se*, denied the allegations of the counterclaims and third-party complaints. On 25 July 1991, having acquired counsel in October 1990 and present counsel in June 1991, Vintage filed a motion to add counterclaims and additional parties. The trial court denied this motion on 27 August 1991, and Vintage now appeals to this Court.

---

[1] This Court has held that the denial of a motion to amend an answer to add a compulsory counterclaim is immediately appealable because it affects a substantial right. *Hudspeth v. Bunzey*, 35 N.C. App. 231, 234, 241 S.E.2d 119, 121, *disc. review denied and appeal dismissed*, 294 N.C. 736, 244 S.E.2d 154 (1978). Failure to assert a compulsory counterclaim ordinarily bars future action on the claim. *Id.* This result would obviously affect a substantial right of the movant. According to Rule 13(a) of the N.C. Rules of Civil Procedure, a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. . . ." N.C.G.S. § 1A-1, Rule 13(a) (1990).

The counterclaims involved in this appeal were compulsory. They arose out of business dealings of the parties covering over a two-year period and the expenditure of over one million dollars. Defendants concede that the counterclaims are compulsory in their brief by stating that they "arise out of the same series of transactions as the claims in the original Complaints." Moreover, defendants claim that "a reasonable person would have brought all of the claims on the original complaints."

[2] Because a substantial right is involved, we now address the merits of this appeal. If a counterclaim is omitted through "oversight, inadvertence, or excusable neglect," or if "justice requires," leave of Court *may* be granted to add the counterclaim through amendment. § 1A-1, Rule 13(f). Leave to amend should be granted when "justice so requires," or by written consent of the adverse party. § 1A-1, Rule 15(a) (1990). The granting or denial of a motion

to amend is within the sound discretion of the trial judge, whose decision is reviewed under an abuse of discretion standard. *News & Observer Publishing Co. v. Poole*, 330 N.C. 465, 485, 412 S.E.2d 7, 19 (1992); *Patrick v. Ronald Williams Professional Ass'n*, 102 N.C. App. 355, 360, 402 S.E.2d 452, 455 (1991). Whether or not a counterclaim is compulsory does not affect the discretion of the trial judge in granting or denying the motion to amend. *Grant & Hastings, P.A. v. Arlin*, 77 N.C. App. 813, 815, 336 S.E.2d 111, 112 (1985), *disc. review denied*, 316 N.C. 376, 342 S.E.2d 894 (1986).

Vintage points out that the trial judge made no findings to support the denial of its motion. However, Rule 52 states that "[f]indings of fact and conclusions of law are necessary on decisions of any motion or order ex mero motu only when requested by a party and as provided by Rule 41(b)." § 1A-1, Rule 52(a)(2) (1990). There was no such request in this case. Thus, it is presumed that the judge made the determination based upon proper evidence. *Patrick*, 102 N.C. App. at 360, 402 S.E.2d at 455 (citation omitted). An appellate court may examine the apparent reasons for a denial of a motion to amend if no reasons are given. *United Leasing Corp. v. Miller*, 60 N.C. App. 40, 42-43, 298 S.E.2d 409, 411 (1982), *disc. review denied*, 308 N.C. 194, 302 S.E.2d 248 (1983). Factors to be considered by the trial judge include undue delay, bad faith, and undue prejudice. *Patrick*, 102 N.C. App. at 360, 402 S.E.2d at 455 (citation omitted).

Vintage contends that because it was acting *pro se* for a time, it should not be strictly held to the standards set forth in the N.C. Rules of Civil Procedure. It further points out that its first counsel failed to bring the motion although it urged him to do so. Thus, Vintage claims the delay was due to excusable neglect and the motion should have been allowed.

Vintage's proposed counterclaims allege breach of various contracts, assert that money is owed to it by Tridevesco, and for the first time assert unfair and deceptive business practices by Tridevesco. In *Kinnard v. Mecklenburg Fair, Ltd.*, 46 N.C. App. 725, 266 S.E.2d 14, *aff'd*, 301 N.C. 522, 271 S.E.2d 909 (1980), the Court found no abuse of discretion where the trial court denied the motion to amend to assert unfair and deceptive business practices for the first time. The Court reasoned that the new allegations would "greatly change the nature of the defense" and would subject the defendant to treble damages thereby "greatly increas[ing] the

HOUSE HEALERS RESTORATIONS, INC. v. BALL

[112 N.C. App. 783 (1993)]

stakes of the lawsuit." 46 N.C. App. at 727, 266 S.E.2d at 16. The Court also noted that further discovery and delay would result. *Id.* In *Patrick v. Ronald Williams Professional Ass'n*, 102 N.C. App. 355, 402 S.E.2d 452 (1991), the trial court properly denied a motion to amend where a full year had elapsed since movants had filed their answer, both parties had conducted extensive discovery, and the proposed claims would have required evidence of negligence approximately five years after the accident in question. 102 N.C. App. at 360, 402 S.E.2d at 455.

Vintage proffered its counterclaims one year and three months after the filing of the complaint. By this time extensive discovery had already taken place. Moreover, the new counterclaims would require evidence of transactions which occurred three to five years earlier. As in *Kinnard*, Vintage seeks to allege unfair and deceptive business practices for the first time. Defendants should not be penalized with more discovery and litigation and for the first time be exposed to treble damages because Vintage was initially acting *pro se* and its first attorney was dilatory. We conclude that there was no abuse of discretion in this case.

The trial court knew Vintage had acted *pro se* for several months. We believe that the trial court gave due consideration to this and other appropriate factors in reaching its decision. The decision of the trial court denying the motion to amend is hereby

Affirmed.

Judge COZORT concurs.

Judge GREENE concurs with separate opinion.

Judge GREENE concurs with separate opinion.

I agree with the majority that the grant or denial of a motion to amend pleadings is within the discretion of the trial court. I write separately to emphasize that it is an abuse of discretion to deny leave to amend "without any justifying reason appearing for the denial." *Gladstein v. South Square Assoc.*, 39 N.C. App. 171, 178, 249 S.E.2d 827, 831 (1978), *disc. rev. denied*, 296 N.C. 736, 254 S.E.2d 178 (1979); *Coffey v. Coffey*, 94 N.C. App. 717, 722, 381 S.E.2d 467, 471 (1989), *disc. rev. improvidently allowed*, 326 N.C. 586, 391 S.E.2d 40 (1990); *Coble Cranes & Equip. Co.*

*v. B & W Utilities, Inc.*, 111 N.C. App. 910, 913, 433 S.E.2d 464, 465 (1993). A "justifying reason" must be either declared by the trial court or apparent from the record. *Banner v. Banner*, 86 N.C. App. 397, 400, 358 S.E.2d 110, 111 (1987), *overruled on other grounds by Stachlowski v. Stach*, 328 N.C. 276, 401 S.E.2d 638 (1991). In this case, there is no declared reason for denying the motion to amend the answer. Thus, the question is whether there are any justifying reasons apparent from the record. "Justifying reasons" approved by our courts include "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice and futility of the amendment." *Coffey*, 94 N.C. App. at 722, 381 S.E.2d at 471.

In this case, the record reveals, as noted by the majority, that to allow the amendments would unduly prejudice the non-movants. The proffered amendment was offered more than one year after the filing of the complaint and at a time after extensive discovery had already occurred. Accordingly, I join with the majority in affirming the decision of the trial court to deny third-party defendant Vintage Properties, Inc.'s motion to amend its pleadings.