LEVINSON, Judge.
Defendant appeals an order of the district court denying his motion to amend his answer to assert a counterclaim against plaintiffs under the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. §§ 75-1.1, 75-16 (2003).
On 23 June 1999, defendant leased a 1999 Toyota Sienna van from the Planet Toyota dealership in Sanford, North Carolina. Planet Toyota assigned the lease to plaintiff VT, Inc., as trustee for plaintiff World Omni LT ("WOLT"). Plaintiff World Omni Financial Corp. administered the lease on behalf of lessor WOLT. On 10 February 2003, plaintiffs filed a complaint against defendant in district court, alleging he had failed to purchase or surrender the van at the expiration of the lease term on 23 September 2002, and had further defaulted on the lease by failing to make required payments totaling $2,908.83. Plaintiffs sought damages equaling the payoff sum of $18,052.87, plus attorney's fees as provided under the lease in case of default. They also sought possession of the vehicle in order to apply the proceeds of its sale to the amounts owed by defendant.
Defendant was served with the complaint on 25 February 2003, and filed his pro se answer on 25 March 2003.
On 20 April 2003, defendant retained counsel, who appeared with defendant at an arbitration hearing held 21 May 2003. On 21 May 2003, the arbitrator filed an "AWARD AND JUDGMENT" against defendant in the amount of $6,339.90. Through counsel, defendant's counsel filed a request for a trial de novo in district court on 18 June 2003.
On 23 June 2003, defendant filed his motion to amend defendant's answer to include a counterclaim, alleging that the lease "violat[ed] the disclosure provisions of the Federal Consumer Leasing Act" by failing to properly notify defendant that he would be billed for "personal property taxes or other taxes on the [leased] vehicle" in addition to the "Total Monthly Payment" prescribed by the lease. Defendant further alleged that plaintiffs' violation of the federal act was willful and "constitute[d] an unfair or deceptive trade practice in violationof N.C.G.S. § 75-1.1., et seq." He sought treble damages and attorney's fees pursuant to N.C.G.S. §§ 75-16,-16.1.
In denying the motion to amend, the court found defendant's answer did not notify plaintiff of defendant's intention to assert a counterclaim. The court noted petitioner had previously filed a pro se complaint in federal district court against plaintiffs on 27 August 2002, which was dismissed without prejudice for want of federal subject matter jurisdiction on 27 January 2003. The court found that defendant, "therefore, had prior experience in litigating this dispute." The court made additional findings regarding the timing of defendant's motion to amend as follows:
The Motion to Amend Answer was not filed until more than sixty (60) days after Defendant's attorney was retained and after the Arbitration had been held, decided and appealed.
According to Arbitration rules, once an Arbitration Request for Trial De Novo is filed, the case is supposed to be placed on the next available Civil District Court Trial Calendar.
The court concluded that allowing the motion to amend "after appeal of the Arbitration Award would result in undue delay, postponement of trial and prejudice to [p]laintiffs."
Defendant argues the district court abused its discretion in denying his motion to amend, which was filed less than three months after his answer and which asserted a compulsory counterclaim. He cites the language of N.C.R. Civ. P. 15(a), providing that leave to amend pleadings "shall be freely given when justice so requires." Defendant avers that plaintiffs would suffer no material prejudiceby the amendment, and that any delay in the litigation is insufficient to warrant the denial of his motion. Defendant suggests that his counterclaim would not require the development of additional evidence but "would only present the legal question of whether the [l]ease . . . violates North Carolina law." Finally, defendant notes that his original answer sets forth his position that the lease violated the Federal Consumer Lending Act, even if it did not specifically notify plaintiffs of his intent to file a counterclaim based thereon.
Although interlocutory, "the denial of a motion to amend the answer to allege a compulsory counterclaim affects a substantial right and is immediately appealable." Hudspeth v. Bunzey, 35 N.C. App. 231, 234, 241 S.E.2d 119, 121 (1978). A counterclaim is compulsory when it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." N.C.R. Civ. P. 13(a). Assuming, arguendo, the compulsory nature of defendant's counterclaim, inasmuch as it arises from the lease agreement which forms the basis of the plaintiffs' complaint, we shall address the merits of his appeal.
A trial court's ruling on a motion to amend "is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). "If the trial court articulates a clear reason for denyingthe motion to amend, then our review ends. Acceptable reasons for which a motion to amend may be denied are `undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice and futility of the amendment.'" Nationsbank of North Carolina v. Baines, 116 N.C. App. 263, 268, 447 S.E.2d 812, 815 (1994) (quoting Coffey v. Coffey, 94 N.C. App. 717, 722, 381 S.E.2d 467, 471 (1989)). Moreover, because defendant has not assigned error to any of the district court's findings of fact, we are bound by its findings for purposes of our review. Koufman v. Koufman, 330 N.C. 93, 408 S.E.2d 729 (1991).
As found by the district court, defendant was aware of potential claims against plaintiffs arising out of the lease at least as early as August, 2002, six months before the plaintiffs filed their complaint against him. Not only did defendant fail to raise his counterclaim in his 25 March 2003 answer, he filed his motion to amend almost three months thereafter, more than sixty days after retaining counsel, more than one month after the conclusion of arbitration proceedings, and five days after filing his request for trial de novo from the arbitrator's award. Significantly, defendant sought by his amendment to raise a counterclaim for unfair and deceptive trade practices under N.C.G.S. §§ 75-1.1, 75-16. As we have previously noted, "such a claim greatly changes the nature of the defense and increases the stakes of the lawsuit with the possibility of treble damages." N.C. Farm Bureau Mutual Ins. Co. v. Wingler, 110 N.C. App. 397, 405, 429 S.E.2d 759, 764 (1993) (citing Kinnard v. MecklenburgFair, 46 N.C. App. 725, 266 S.E.2d 14, aff'd, 301 N.C. 522, 271 S.E.2d 909 (1980)); accord House Healers Restorations, Inc. v. Ball, 112 N.C. App. 783, 786, 437 S.E.2d 383, 385 (1993). Under the totality of the circumstances, we cannot say the district court abused its discretion in denying defendant's motion to amend so as to avoid "undue delay, postponement of trial and prejudice to [p]laintiffs."
Affirmed.
Judges TIMMONS-GOODSON and CALABRIA concur.
Report per Rule 30(e).