JOHN W. SHERRILL AND JOSEPH T. WALSH v. TOWN OF WRIGHTSVILLE BEACH, NORTH CAROLINA, BOARD OF ALDERMEN OF THE TOWN OF WRIGHTSVILLE BEACH, NORTH CAROLINA; EUGENE N. FLOYD, INDIVIDUALLY AND AS MAYOR; CORNIELLE SINEATH, INDIVIDUALLY AND AS ALDERMAN, FRANCES L. RUSS, INDIVIDUALLY AND AS ALDERMAN, CARLTON B. HALL, AS ALDERMAN AND JAMES W. SUMMEY, III, INDIVIDUALLY AND AS ALDERMAN; JOHN T. NESBITT, TOWN BUILDING INSPECTOR

No. 855SC1279

(Filed 17 June 1986)

1. **Municipal Corporations § 31— zoning ordinance—challenge barred by statute of limitations**

    Plaintiffs' challenge to the ordinance originally zoning plaintiffs' property for single family dwellings only was barred by the nine-month statute of limitations of N.C.G.S. § 160A-364.1.

2. **Municipal Corporations § 30.22— denial of petitions to rezone—proper procedures followed**

    Plaintiffs failed to show that the board of aldermen failed to follow proper procedures in denying petitions to rezone part or all of the town, and they did

not meet their burden of showing the invalidity of the refusal of the board to amend the zoning ordinance.

**3. Municipal Corporations § 30.15— refusal to allow building of duplexes—no improper enforcement of zoning ordinance**

There was no merit to plaintiffs' contention that the refusal of defendant to allow them to build duplexes on their lots amounted to an invalid arbitrary and discriminatory enforcement of the zoning ordinance, since the evidence showed that defendant was very lax in the enforcement of its zoning laws, but mere laxity of enforcement will not invalidate restrictions; there was no denial of equal protection to plaintiffs because classification of their property had a rational basis and was not enacted with the intent to discriminate against plaintiffs; and plaintiffs bought their lots when the single family restriction was in place so that neither was losing any "investment backed expectations" by not being allowed to construct a duplex so that there was no "taking" by the town.

APPEAL by plaintiffs from *Smith (Donald L.), Judge.* Judgment entered 15 April 1985 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 15 April 1986.

Plaintiffs each own a vacant parcel of land in the Town of Wrightsville Beach. Plaintiffs applied for building permits from the Town to build duplexes on their vacant lots. Their applications were denied on the ground that plaintiffs' lots are in a land use district which allows only single-family residences, the R-1 district under the Wrightsville Beach ordinance. Plaintiffs then applied to the Town Board of Aldermen, which sits as the Board of Adjustment under the town's zoning ordinance, for variances from the R-1 restrictions to allow them to build the desired duplexes. Their applications were denied, but plaintiffs were encouraged by some members of the Board to gather signatures on a petition seeking a rezoning of the entire district from R-1 to R-2, which would allow duplexes.

When this petition came up for a vote, the Board then decided that it should consider rezoning all residential districts in the Town of Wrightsville Beach to permit duplexes. A vote was delayed so that a public hearing could be held. At the public hearing, no one spoke out against the zoning change, yet at the next Board meeting, the proposal was defeated. Such a sweeping rezoning required unanimous approval for passage under the town's zoning ordinance.

Plaintiffs were then requested by the Board to resubmit their applications for a variance, but they were again denied. The

denial of their variances was upheld by the superior court, and on appeal by this Court, *Sherrill v. Town of Wrightsville Beach,* 76 N.C. App. 646, 334 S.E. 2d 103 (1985).

In the meantime, plaintiffs had instituted this suit, alleging that the actions of the Town of Wrightsville Beach violated the Federal and State Constitutions, the North Carolina zoning statutes, G.S. 160A-360, *et seq.,* and the town's own zoning ordinance. Plaintiffs also asserted a claim for damages under the Civil Rights Act of 1871, 42 U.S.C. § 1983. The trial court, with consent of the parties, severed the liability issue from the damage issue and held a bench trial on the issue of liability alone. Prior to trial, the court ruled that any challenge to the original zoning of plaintiffs' property was barred by the nine-month statute of limitations under G.S. 1-54.1.

After hearing the evidence, the trial court concluded that, while defendants had acted in an arbitrary and capricious manner in enforcing the town's zoning laws, defendants' actions had not ·violated any constitutional or statutory rights of plaintiffs. Plaintiffs gave notice of appeal. Defendants moved to dismiss the appeal for defective notice. That motion was denied by Judge Napoleon Barefoot and defendants cross-appeal from this denial.

*James A. MacDonald; and John W. Sherrill, pro se, for plaintiffs-appellants.*

*Womble Carlyle Sandridge and Rice, by Anthony H. Brett, for defendants-appellees.*

PARKER, Judge.

[1] Plaintiffs assign error to the ruling by the trial court that any challenge to the ordinance originally zoning plaintiffs' property for single-family dwellings only was barred by the applicable statute of limitations since the ordinance was in effect at the time plaintiffs acquired their interest in the properties. The Town of Wrightsville Beach passed its first zoning ordinance in 1972. Plaintiffs' property was included in an R-1 district, which at that time permitted duplexes. The ordinance was amended in 1975 to delete duplexes as a permissible use in R-1 districts.

General Statute 160A-364.1 provides that the nine-month statute of limitations in G.S. 1-54.1 will govern challenges to zon-

ing ordinances or amendments. Clearly, then, any challenge by plaintiffs to the 1975 amendment prohibiting duplexes in R-1 districts as being violative of the purposes of zoning is barred by the statute of limitations. Plaintiffs' arguments to the contrary are unpersuasive.

The nine-month statute of limitations does not, as plaintiffs contend, deny disaffected property owners adequate avenues of redress. Instead, the property owner is merely required to go through the statutorily mandated procedures for an amendment or variance. Whatever action was taken by the town's legislative body on the amendment would then be appealable.

In this case, plaintiffs are limited to challenging the refusal of the Wrightsville Beach Board of Aldermen to amend the town's zoning ordinance to allow them to build duplexes and to challenging the allegedly arbitrary enforcement of the single-family restriction against their property.

Plaintiffs also contend that the action of the Board of Aldermen denying their petition to rezone the Coral Drive area of Wrightsville Beach to allow duplexes was invalid because the charter of the Town of Wrightsville Beach requires a unanimous vote of the Board to pass a zoning change. Plaintiffs assert that this requirement of unanimity violates G.S. 160A-75, which says local ordinances must pass by a majority vote, and G.S. 160A-385, which provides that a zoning change requires a three-fourths vote of a town's governing body only if twenty percent of the local homeowners sign a "protest petition." Since four out of five Aldermen voted against their rezoning petition, plaintiffs were not prejudiced by the requirement of unanimity. This assignment of error is overruled.

[2] Plaintiffs further contend that the denial of their rezoning petition was invalid due to the failure of the Board of Aldermen to follow their own procedures, established by town ordinances. The procedures allegedly violated include the failure of the Town to give proper notice and publication of various zoning votes, the failure of the Town to maintain an ordinance book containing all amendments to the zoning ordinance, and the failure of the Town to maintain a file of decisions by the Board on variances and special use permits. Plaintiffs also assert the denial of their rezoning request was arbitrary and capricious as no members of the

Sherrill v. Town of Wrightsville Beach

public spoke out against the proposed change and the Town Attorney recommended that the change be made. Although the Board is not required by the ordinances to follow the public sentiment or the recommendations of the Town Attorney, plaintiffs assert that such was the routine practice of the Board and departure from it demonstrates the arbitrary nature of the Board's decision to deny their petition.

The Board of Aldermen have clearly violated their own established procedures in enacting various changes to their zoning laws. Such a failure to follow procedures can result in the particular action taken being declared void and invalid by the courts. *See Refining Co. v. Board of Aldermen*, 284 N.C. 458, 202 S.E. 2d 129 (1974). However, plaintiffs made no evidentiary showing that the Board had not followed proper procedures for the votes at issue here—the denials of the petitions to rezone Coral Drive or to rezone the entire town. Plaintiffs rely solely on isolated comments by members of the Board to allege that improper factors were considered by the Board members in voting down plaintiffs' petition. For example, one Alderman allegedly said that plaintiffs' plight should be used as a "lever" to alter the zoning scheme of the entire town. Even if this were said, it is not improper, as it is the duty of the zoning authority to consider the needs of the entire community when voting on a rezoning, and not just the needs of the individual petitioner. *See Allred v. City of Raleigh*, 277 N.C. 530, 178 S.E. 2d 432 (1971).

Rezoning is a legislative act, whereas a proceeding to grant a variance or special use permit is quasi-judicial in nature. *See Application of Rea Construction Co.*, 272 N.C. 715, 158 S.E. 2d 887 (1968). A court may not substitute its judgment for that of the law-making body. *See Blades v. City of Raleigh*, 280 N.C. 531, 550, 187 S.E. 2d 35, 46 (1972). The original zoning ordinance is presumed to be valid. *See Helms v. City of Charlotte*, 255 N.C. 647, 122 S.E. 2d 817 (1961). In the instant case, plaintiffs are not asking the court to set aside an ordinance improperly enacted, but rather to order the Town of Wrightsville Beach to enact an amendment. For us to do so, plaintiffs would have to meet an extraordinarily high burden of showing the invalidity of the refusal of the Board to amend the zoning ordinance. In order for such an action to be constitutionally invalid, it must be shown that "the governmental body could have had no legitimate reason for its decision."

*Shelton v. City of College Station,* 780 F. 2d 475, 483 (5th Cir. 1986). Plaintiffs did not meet this burden, and the assignment of error based on the failure of trial court to conclude that the actions of the Town violated their due process rights is overruled.

[3]  Next, plaintiffs argue that the refusal of the Town to allow them to build duplexes on their lots amounts to an invalid arbitrary and discriminatory enforcement of the zoning ordinance. In support of this argument, plaintiffs have shown that thirteen of the twenty-four residences in their zoning district are duplexes. Some of these duplexes were in existence in 1975 when the zoning ordinance was amended to prohibit duplexes in R-1 districts. Those, then, are valid nonconforming uses. However, the trial court did find as a fact that the Board had allowed at least one nonconforming duplex which had been destroyed to be rebuilt as a duplex in violation of the zoning ordinance. The court also found the following: (i) the Town allowed a single-family residence in R-1 zone to be converted to a duplex, ostensibly by variance but without the findings of facts or conclusions of law required by law; (ii) the Town allowed the owner of a nonconforming duplex to resume duplex use after being discontinued for twelve months, in violation of the ordinance; (iii) the Town allowed a quadruplex to be built on a lot split between C-3 and R-1 zoning; and (iv) the Town allowed enlargement of a nonconforming residence in an R-1 zone ostensibly by variance but again without the required findings and conclusions. The court was unable to determine which of the other duplexes were validly nonconforming or were illegal, but specifically found that the Town had violated its duty to make that determination itself. There were two instances found by the court where the Town had taken action to force an end to an illegal duplex.

The Town has no formal enforcement plan and takes action only when the zoning violation is brought to its attention even though there are two readily available sources which list the number of units at a given address. These fairly reliable sources are the list of water line connections and the list of trash cans (each unit is required by ordinance to have one trash can). Plaintiffs contend that by utilizing these lists, the Town could easily discover the illegal duplexes and enforce its zoning laws. According to plaintiffs, the enforcement as to their property is arbitrary,

and they seek an order enjoining enforcement of the single-family restriction against their property.

Clearly, the Town of Wrightsville Beach has violated its own zoning ordinance. Equally clear is the fact that the Town is very lax in the enforcement of its zoning laws. However, as plaintiffs admit in their brief, mere laxity of enforcement will not invalidate the restrictions. *See City of Gastonia v. Parrish*, 271 N.C. 527, 157 S.E. 2d 154 (1967). *See generally* 16A Am. Jur. 2d, Constitutional Law, § 803 (1979), and cases cited therein. For plaintiffs to prove a violation of their constitutional rights entitling them to relief, they must show that the Town's actions were arbitrary and capricious so as to violate their due process rights; or that the enforcement infringes upon their constitutional guarantee of equal protection; or that the alleged arbitrary enforcement amounts to a "taking" of their property without just compensation. We have already discussed the failure of appellants to show that the Town's actions, as applied to them, were a violation of due process.

To establish that the actions of the Town in enforcing the zoning ordinance resulted in a denial of equal protection, plaintiffs must show that the Board created a classification with the intent to discriminate. *See Village of Belle Terre v. Boraas*, 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed. 2d 797 (1974); *Kresge Co. v. Davis*, 277 N.C. 654, 178 S.E. 2d 382 (1971). The classification of plaintiffs' properties as single-family residential, as discussed above, has a rational basis, and was not enacted with the intent to discriminate against plaintiffs. The fact that the differences between the permitted use, single-family residential, and the desired use, duplexes, are relatively insignificant is also indicative of the lack of discriminatory intent. *See Blades, supra*, at 548, 187 S.E. 2d at 45. Nothing more appears in the record of this case than that the Town was extraordinarily lax in enforcing its zoning laws. No equal protection violation has been shown.

Zoning restrictions on property may be so strict as to amount to a taking of that property by the Town. *See A-S-P Assoc. v. City of Raleigh*, 298 N.C. 207, 258 S.E. 2d 444 (1979). However, for there to be such a "taking," the restriction must deprive the owner of the property of virtually all the beneficial uses of his land. *Id.* In this case, plaintiffs' lots are in a neighborhood which

is roughly half single-family and half duplex. Both lots are clearly suitable for the construction of a single-family dwelling. Both plaintiffs acquired their property after the single-family restriction was in place. Neither is losing any "investment-backed expectations" by not being allowed to construct a duplex. *See Penn Central Transportation Co. v. City of New York,* 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed. 2d 631 (1978). Therefore, no "taking" has occurred.

Having found that no constitutional rights of plaintiffs have been violated, their claims for damages under the Civil Rights Act of 1871, 42 U.S.C. § 1983, must also fail.

Plaintiffs' final assignment of error is that the trial court erred in not admitting into evidence a newspaper article entitled "Beach Residents Flout Zoning Laws." This assignment is without merit. Substantial evidence of violations of the zoning laws had already been admitted, and the article was redundant. No prejudice could have resulted to plaintiffs in any event as the trial judge allowed a witness to read many quotes from the article while on the stand. This assignment of error is overruled.

While certain actions of the Board of Aldermen of the Town of Wrightsville Beach unrelated to plaintiffs' property were in violation of the law as established in the town's own ordinances, such actions did not infringe upon any constitutionally protected rights of plaintiffs so as to entitle them to the relief sought.

In view of our disposition of plaintiffs' appeal, we do not address defendants' cross-assignment of error.

Affirmed.

Judges WEBB and EAGLES concur.