JOSEPH CHOLETTE AND CAROL CHOLETTE v. TOWN OF KURE BEACH, LEE WRENN, NORRIS TEAGUE, ED JONES, LARRY WILLOUGHBY, TOM CAUSBY AND CLARENCE ROBBINS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES

No. 875SC581

(Filed 22 December 1987)

**Constitutional Law § 23.1— requirement that fire wall be built—no violation of constitutional rights**

Plaintiffs failed to demonstrate that a building inspector's decision requiring them to build a fire wall in their apartments rose to the level of a due process violation, a denial of equal protection, or a taking of their property.

APPEAL by plaintiffs from *Tillery, Judge.* Judgment entered 9 March 1987 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 8 December 1987.

In April 1983, plaintiffs obtained a building permit for the construction of apartments in Kure Beach, North Carolina. Prior to obtaining the permit, the building inspector for the Town of Kure Beach advised plaintiffs that their project would require the construction of a fire wall. Plaintiffs did not appeal from the building inspector's decision and constructed the fire wall.

In early 1984, P. B. Medlin and Betty Medlin, the owners of a motel located next to plaintiffs' property, obtained a building permit to add a third floor to their motel. The building inspector advised them that a fire wall was not necessary. Plaintiffs objected to that decision.

Before the Medlins could complete their new construction, a new building inspector issued a stop work order on their project.

On 2 July 1984, the Kure Beach Town Council reduced the size of the town's fire district so that neither plaintiffs' property nor the Medlin property was in the fire district. The Medlins were then permitted to complete their project.

On 13 November 1984, plaintiffs filed suit against defendants alleging that defendants violated their civil rights by negligently hiring, retaining and supervising a building inspector who was not qualified to inspect plaintiffs' building and who required plaintiffs to build an unnecessary fire wall while not requiring the Medlins to erect a fire wall.

Defendants moved for summary judgment and their motion was granted. From the judgment of the trial court, plaintiffs appeal.

*Bruce H. Robinson, Jr. for plaintiff appellants.*

*Marshall, Williams, Gorham & Brawley, by A. Dumay Gorham, Jr. and Charles D. Meier; and Andrew A. Canoutas for defendant appellees.*

ARNOLD, Judge.

The sole question in this case is whether the actual decision of the building inspector to require plaintiffs to construct a fire wall violated any of plaintiffs' federally protected rights. Even taking the allegations in plaintiffs' complaint as true, we do not believe that plaintiffs have made out a federal claim.

Plaintiffs contend that defendants violated "certain federally protected rights which include [plaintiffs'] right to be secure in their property and not to be deprived of their property without due process of law under the Fourteenth Amendment." Plaintiffs assert that they are entitled to damages under 42 U.S.C. § 1983. We do not agree.

There are two essential elements of a cause of action under 42 U.S.C. § 1983: 1) the conduct complained of was carried out under color of state law, and 2) the conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed. 2d 420 (1981). In general, the courts have rejected attempts to create a constitutional question out of a state law violation in the land use area. *See Chiplin Enterprises, Inc. v. City of Lebanon*, 712 F. 2d 1524 (1st Cir. 1983).

In *Sherrill v. Town of Wrightsville Beach*, 81 N.C. App. 369, 344 S.E. 2d 357, *disc. rev. denied*, 318 N.C. 417, 349 S.E. 2d 600 (1986), plaintiffs argued that their constitutional rights were violated when the town refused to allow them to build duplexes on property restricted to single-family residences. Plaintiffs argued that the refusal amounted to an invalid arbitrary and discriminatory enforcement of the zoning ordinance since 13 of 24 residences in the zoning district were duplexes. This Court found

that the Town of Wrightsville Beach violated its own zoning or-
dinance and was clearly lax in the enforcement of its zoning laws.
*Id.* However, this Court concluded that plaintiffs failed to identify
a violation of their constitutional rights under § 1983 and stated:

> For plaintiffs to prove a violation of their constitutional
> rights entitling them to relief, they must show that the
> Town's actions were arbitrary and capricious so as to violate
> their due process rights; or that the enforcement infringes
> upon their constitutional guarantee of equal protection; or
> that the alleged arbitrary enforcement amounts to a "taking"
> of their property without just compensation.

*Id.* at 375, 344 S.E. 2d at 361.

In the case *sub judice*, the building inspector's decision re-
quiring plaintiffs to build a fire wall does not rise to the level of a
due process violation or a denial of equal protection. Additionally,
the decision in no way amounts to a taking of plaintiffs' property.
Plaintiffs have failed to demonstrate that they have suffered the
deprivation of any right protected by the Constitution. According-
ly, summary judgment was appropriately entered.

Affirmed.

Judges JOHNSON and ORR concur.