DONALD J. BROWN, ET AL., PLAINTIFFS v. TOWN OF DAVIDSON, ET AL., DEFENDANTS

No. 9326SC228

(Filed 1 February 1994)

1. **Constitutional Law § 86 (NCI4th); Municipal Corporations § 30.22 (NCI3d) — denial of rezoning — racial discrimination not shown**

Landowners in a predominantly black neighborhood failed to forecast proof of discriminatory intent or purpose required to support their claim of racial discrimination in the denial of their petition to rezone their neighborhood from residential to commercial where the only evidence directly related to this claim was that similar petitions to rezone were allowed for white landowners on the other end of the street across a lake, especially when the areas at the other end of the street were primarily open fields before being rezoned.

**Am Jur 2d, Civil Rights §§ 4, 487.**

2. **Constitutional Law § 98 (NCI4th); Municipal Corporations § 30.21 (NCI3d) — rezoning hearing — prehearing statements by town commissioners — no due process violation**

Landowners who petitioned for rezoning of their neighborhood from residential to commercial were not denied due process because several of the town commissioners stated before the public hearing that they would vote against rezoning since rezoning decisions are legislative rather than quasi-judicial acts, and a predisposition by commissioners to vote in a certain way on a legislative matter does not constitute arbitrariness and capriciousness which violates due process.

**Am Jur 2d, Constitutional Law §§ 806 et seq.**

Appeal by plaintiffs from order entered 15 December 1992 by Judge Robert W. Kirby in Mecklenburg County Superior Court. Heard in the Court of Appeals 8 December 1993.

This case arises from plaintiffs' attempt to have a predominantly black neighborhood in the Town of Davidson zoned from residential to commercial. A public hearing on the proposed rezoning was held before the Planning Board and the Town Commission (Commission) on 8 May 1990. At this hearing, citizens were about equally for and against allowing the change. The Planning Board held a second hearing on 29 May 1990, after which they denied the petition and recommended that the Commission and the Mayor "take Griffith Street as an immediate project for future planning." At the Commission's regular 12 June 1990 meeting, the petition was discussed, and the Commissioners unanimously voted to adopt the Planning Board's recommendation.

Plaintiffs brought this action seeking injunctive and monetary relief for violations of state and federal due process and equal protection guarantees. Defendants are the Town of Davidson, the Mayor, the Town Commission, the Planning Board, and the individual members of the Town Commission and Planning Board. Defendants moved for summary judgment on all claims, and the trial judge allowed the motion. The trial judge thereafter entered an order dismissing plaintiffs' action in its entirety. From this order plaintiffs appeal.

*Sheely & Young, by Michael A. Sheely, for plaintiff appellants.*

*Frank B. Aycock, III for defendant appellees.*

ARNOLD, Chief Judge.

[1] Plaintiffs argue that their racial discrimination claim was erroneously dismissed. We disagree.

This claim originated when two white plaintiffs petitioned to have two lots in a residential neighborhood zoned commercial so that they could build a gas station and convenience store. When local officials indicated that the petition would be denied, plaintiffs withdrew it. Later, black residents in that neighborhood joined with the white plaintiffs in a petition to rezone the entire neighborhood commercial.

The neighborhood in question lies along Griffith Street and is predominantly black. Griffith Street runs from Interstate 77 to the entrance of Davidson College and is apparently the only road into the Town of Davidson from the interstate. Most of the real estate directly off of the interstate, which was formerly open fields, was purchased by Lake Norman Company and was rezoned periodically until all of Lake Norman Company's property was zoned commercial. Lake Norman Company is white-owned. One other small tract off of the interstate was purchased by a white-owned company and rezoned commercial at its request.

This commercial zone runs along both sides of Griffith Street until it reaches Lake Davidson, where Griffith Street crosses the lake over a causeway. Plaintiffs' lots lie immediately on the other side of the causeway. The neighborhood containing plaintiffs' lots is and always has been zoned residential. Just before Griffith Street reaches Davidson College, one block is zoned business or office. This is the last block on Griffith Street according to plaintiffs' map, and it was zoned business or office in 1977. The record shows that a white person who owned property next to the business or office zone petitioned in 1977 to have his property rezoned business, but the Town denied the petition.

Plaintiffs contend their evidence that defendants allowed zoning petitions for the white petitioners at the western end of Griffith Street, while refusing to rezone their neighborhood, which is the only property on Griffith Street zoned residential, is sufficient to create a jury question on defendants' discriminatory intent. For that reason plaintiffs argue summary judgment should not have been granted.

To survive summary judgment on their racial discrimination claim plaintiffs had to forecast proof of racially discriminatory intent or purpose in denying the petition to rezone. *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 265, 50 L. Ed. 2d 450, 464 (1977). Disproportionate impact by itself is not enough. *Id.* at 264-65, 50 L. Ed. 2d at 464. We find plaintiffs' evidence insufficient as a matter of law to create a question of discriminatory intent or purpose. In our opinion, the decision to leave a residential area undisturbed, whether it be predominantly black or white, cannot be the basis for a racial discrimination claim when the only evidence directly related to the claim is that similar petitions to rezone were allowed for white-owned businesses on

the other end of the street, especially when, according to plaintiffs' evidence, the areas at the other end of Griffith Street were primarily open fields before being rezoned.

We do not find plaintiffs' remaining evidence on this issue persuasive or pertinent. We therefore affirm the trial judge's order dismissing the racial discrimination claim.

[2] Plaintiffs also argue that the trial court erred in dismissing their claim of due process violations. Plaintiffs argue they were denied a fair hearing before an impartial tribunal. In support of their argument, plaintiffs show that before the public hearing several of the Commissioners stated that they would vote against rezoning. Plaintiffs rely primarily on *Crump v. Board of Educ.*, 326 N.C. 603, 392 S.E.2d 579 (1990), for the proposition that the denial of a fair hearing before an impartial tribunal constitutes a due process violation. Their reliance on *Crump* is misplaced. In *Crump*, the Supreme Court dealt with an administrative board performing a quasi-judicial function. Defendants here were performing a legislative function.

Zoning and rezoning decisions are legislative acts, *Sherrill v. Town of Wrightsville Beach*, 81 N.C. App. 369, 373, 344 S.E.2d 357, 360, *disc. review denied, appeal dismissed*, 318 N.C. 417, 349 S.E.2d 600 (1986), and "[o]rdinarily, the only limitation upon this legislative authority is that it may not be exercised arbitrarily or capriciously." *Allred v. City of Raleigh*, 277 N.C. 530, 545, 178 S.E.2d 432, 440 (1971). To establish that defendants violated plaintiffs' constitutional rights in a manner entitling them to relief, plaintiffs needed to show that defendants' actions were "arbitrary and capricious so as to violate their due process rights." *Sherrill*, 81 N.C. App. at 375, 344 S.E.2d at 361. Plaintiffs make no such argument, and a predisposition by some defendants to vote a certain way on a legislative matter is not sufficient to constitute a due process violation. It appears from the record that plaintiffs were provided all the process they were due, in the form of public hearings. Plaintiffs do not complain that defendants violated the statutory procedures required for decision making on general zoning questions. Because plaintiffs misperceived the role played by defendants, and therefore incorrectly based this part of their complaint on the denial of procedural protections which were not applicable, the trial judge was correct in dismissing this claim.

Our decisions on these issues render defendants' standing question irrelevant. The trial court's order is affirmed.

Affirmed.

Judges WELLS and EAGLES concur.