LOTTIE STEPHENS, Plaintiff v. CITY OF HENDERSONVILLE, NORTH CAROLINA, a
MUNICIPAL CORPORATION; CHRIS A. CARTER, INDIVIDUALLY, IN HIS OFFICIAL CAPACITY AS
CITY MANAGER OF DEFENDANT CITY; FRED H. NEIHOFF, JR., INDIVIDUALLY, IN HIS OFFI-
CIAL CAPACITY, AS MAYOR OF DEFENDANT CITY, AND AS AGENT OF DEFENDANT CITY;
ROGER BRIGGS, INDIVIDUALLY, IN HIS OFFICIAL CAPACITY AS CITY PLANNER OF DEFEND-
ANT CITY AND AS AGENT OF DEFENDANT CITY; BARBARA VOLK, INDIVIDUALLY, IN HER
OFFICIAL CAPACITIES AS MAYOR-PRO-TEM OF DEFENDANT CITY AND COMMISSIONER OF
DEFENDANT CITY AND AS AN AGENT OF DEFENDANT CITY AND DIANE CALDWELL, DAN
McGRAW AND T. LEE OSBORNE, EACH INDIVIDUALLY, EACH IN OFFICIAL CAPACITY AS
COMMISSIONER OF DEFENDANT CITY AND EACH AS AN AGENT OF DEFENDANT CITY,
DEFENDANTS

No. COA96-1450

(Filed 16 December 1997)

**Constitutional Law § 86 (NCI4th); Municipal Corporations § 37 (NCI4th)— exclusion of property from annexation— failure to show racial discrimination**

Plaintiff's forecast of evidence was insufficient to support her claims that the exclusion of her property from annexation into defendant city was based upon intentional racial discrimination in violation of (1) the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983 or (2) Article I, § 19 of the North Carolina Constitution where the evidence showed that other property in the annexed area had existing sewer service but plaintiff's property did not have such service; the evidence showed that it would cost approximately $20,000 to extend sewer service to plaintiff's property; plaintiff's evidence was insufficient to show that defendants acted with discriminatory intent in applying a $5,000/one manhole guideline to exclude her property from annexation or that the exclusion of her property was anything more than a decision based on cost/benefit factors; and plaintiff failed to show that defendants made any significant procedural departures in deciding not to annex her property.

Appeal by plaintiff from judgment entered 7 October 1996 by Judge Zoro J. Guice, Jr. in Henderson County Superior Court. Heard in the Court of Appeals 25 August 1997.

*Michael A. Sheely for plaintiff-appellant.*

*Frank J. Contrivo, P.A., by Frank J. Contrivo and Andrew J. Santaniello, for defendant-appellee City of Hendersonville.*

McGEE, Judge.

This appeal arises from plaintiff's challenge to the City of Hendersonville's decision to exclude her property from an annexation of certain property in the Blythe Street/Sixth Avenue area (Area 19) in Henderson County. In August 1994, the Hendersonville City Council passed a resolution of intent to annex Area 19. An unimproved portion of plaintiff's property was included in the proposed annexation while an adjacent improved portion of her property was excluded. Plaintiff received notice of the proposed annexation in September 1994 and attended a 6 October 1994 public hearing regarding the annexation at which she asked why some of her property was included when the other portion was not. On 7 October 1994, plaintiff met with defendant Briggs, the City Planner, who told her that all of the properties in Area 19 except hers had sewer service and that it would cost between $15,000 to $17,000 to run a sewer line from Blythe Street to her property. When plaintiff mentioned that the unimproved portion of her property included in the proposed annexation did not have a sewer connection, Briggs told her that he might also exclude the unimproved portion from the proposed annexation. He told plaintiff that he would investigate alternative means of providing sewer to her property. Upon investigation, Briggs determined that no feasible alternative means were available and excluded all of plaintiff's property from the proposed annexation.

Plaintiff subsequently wrote letters to Mayor Neihoff and Mayor Pro-Tem Volk in which she protested the exclusion of her property, alleged racial discrimination, petitioned that her property be included, and asked that her petition be placed on the 10 November 1994 City Council meeting agenda. She received replies from defendant Carter and from defendant Volk denying racial motivation for exclusion of her property and stating that the only factor considered was whether or not sewer service could be provided at a reasonable cost. Plaintiff appeared at the 10 November 1994 City Council meet-

ing and again voiced her objections. The City Council passed the annexation ordinance as proposed thereby excluding plaintiff's property from the Area 19 annexation.

On 8 May 1995, plaintiff filed this action for intentional racial discrimination contending defendants violated her rights pursuant to: (1) the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983, and (2) Article I, § 19 of the North Carolina Constitution. Defendants filed an answer. Subsequently, plaintiff voluntarily dismissed both of her claims against defendant Carter and her claim under the North Carolina Constitution as to defendant Neihoff. Defendants moved for summary judgment which was granted by Judge Zoro Guice, Jr. in Henderson County Superior Court by order entered 7 October 1996. Plaintiff appeals.

Plaintiff contends the trial court erred by granting summary judgment to defendants on her federal and state constitutional claims of intentional racial discrimination. We disagree and affirm the trial court's judgment.

### Federal Constitutional Claim

To survive summary judgment on her 42 U.S.C. § 1983 Fourteenth Amendment claim for racial discrimination, plaintiff had to forecast proof of racially discriminatory intent or purpose in the decision not to annex her property. *See Arlington Heights v. Metro. Housing Corp.*, 429 U.S. 252, 265, 50 L. Ed. 2d 450, 464 (1977); *Brown v. Town of Davidson*, 113 N.C. App. 553, 555, 439 S.E.2d 206, 207 (1994). Proof of disparate impact, without more, is not sufficient. *Arlington Heights, id.* at 264-65, 50 L. Ed. 2d at 464; *Brown, id.*

In *Brown*, this Court held that the plaintiffs' evidence of discriminatory intent or purpose in regard to a town's decision to deny a petition to rezone an area from residential to commercial was insufficient as a matter of law. *See Brown*, 113 N.C. App. at 555, 439 S.E.2d at 207. We stated:

> In our opinion, the decision to leave a residential area undisturbed, whether it be predominantly black or white, cannot be the basis for a racial discrimination claim when the only evidence directly related to the claim is that similar petitions to rezone were allowed for white-owned businesses on the other end of the street, especially when . . . the areas at the other end of [the street] were primarily open fields before being rezoned.

*Id.* at 555-56, 439 S.E.2d at 207. Under the facts presented, we find plaintiff's evidence, like that in *Brown*, insufficient to show discriminatory intent or purpose.

Relying on language in *Arlington Heights*, plaintiff contends that she demonstrated discriminatory intent by producing evidence that a City guideline regarding minor extensions of sewer services was applied to exclude plaintiff's property but was not applied so as to exclude the property of white landowners in other annexed areas. In *Arlington Heights*, the United States Supreme Court observed that substantive and procedural departures from normal application of decision-making factors might be evidence of invidious purpose. *See Arlington Heights*, 429 U.S. at 267, 50 L. Ed. 2d at 465-66. Here, the evidence showed that defendant Briggs, the City Planner, drew the annexation boundary lines based upon the City Council's instructions "to annex those areas presently served by city sewer lines or could be served with minor extensions." In his deposition, defendant Briggs defined "minor extensions" as "to set one more manhole beyond the present reach of a sewer system" or sewer extension work costing approximately $5000 ($5000/one manhole guideline). He testified that the estimated cost for extending sewer to plaintiff's property was at first projected to be between $14,000 to $17,000 but that later projections put the cost in the $20,000 range. Consequently, he determined that the extension did not qualify as a minor extension under the guideline and, for this reason, her property was not annexed.

There was evidence showing that sewer was extended when other areas were annexed, each area being described by plaintiff as "not a black residential area." Many of these annexed areas contained several lots and large amounts of acreage so that the total cost per lot and/or per acre of extending sewer was not nearly as high as the projected cost for extending sewer to plaintiff's property. In addition, the lots included in the area from which plaintiff's property was excluded, Area 19, had existing sewer service and thus could be annexed without the expense of adding sewer.

Plaintiff stresses that, at one point, Briggs testified that "the value of the property to be served and the number of people that would be annexed" was factored into the decision of whether sewer should be extended to particular properties, whereas earlier, he had testified that the $5000/one manhole guideline for minor extensions was "an approximate figure or guideline for any extension *regardless* of the number of people it would serve" (emphasis added). We find this

variance in his testimony regarding application of the $5000/one man-hole guideline, by itself, insufficient to show discriminatory intent or purpose. Plaintiff simply has not produced enough evidence to show that the exclusion of her property was anything more than a decision based on cost/benefit factors. The facts and circumstances of the various annexation decisions affecting the other annexed areas are not similar enough to the facts and circumstances regarding the decision excluding plaintiff's property to support the inference that defendants departed substantively from factors typically relied upon by them in making annexation decisions. Plaintiff's evidence is not sufficient to show that defendants acted with discriminatory intent in applying the $5000/one manhole guideline to her property and in excluding it from the Area 19 annexation.

We are also not persuaded that defendants made any significant procedural departures in deciding not to annex plaintiff's property. The parties dispute whether plaintiff's petition was placed on the agenda of the 10 November 1994 City Council meeting as she had requested. However, she was given opportunity to speak on the matter at that meeting and at an earlier public meeting regarding the annexation. In addition, she was given several opportunities to meet with defendant Briggs and other City officials regarding her concerns and she received replies from City officials in response to her 10 October 1994 letter. We hold plaintiff has not forecast sufficient evidence of procedural departures to support an inference of discriminatory intent or purpose.

### State Constitutional Claim

Plaintiff also contends she has forecast sufficient evidence to survive summary judgment on her state constitution racial discrimination claim. We disagree. Our state constitution prohibition against racial discrimination was adopted in 1970 as Article I, § 19. *Compare* N.C. Const. art. I, § 19 *with* N.C. Const. art. I., § 17 (1868); *see State v. Cofield*, 320 N.C. 297, 302, 357 S.E.2d 622, 625 (1987). Article I, § 19 of the North Carolina Constitution provides, in pertinent part: "No person shall be denied the equal protection of the laws; nor shall any person be subjected to discrimination by the State because of race, color, religion, or national origin." N.C. Const. Art. I, § 19.

In *Brown*, the plaintiffs sought relief "for violations of state and federal due process and equal protection guarantees." *Brown*, 113 N.C. App. at 554, 439 S.E.2d at 207. Although our discussion focused on federal cases, we upheld the trial court's dismissal of plaintiff's

action "in its entirety." *See id.* at 554, 556, 439 S.E.2d at 207, 208. We found the plaintiffs' evidence "insufficient as a matter of law to create a question of discriminatory intent or purpose." *Id.* at 555, 439 S.E.2d at 207. For the reasons discussed above in regard to plaintiff's federal racial discrimination claim, we find the evidence presented by plaintiff similar to that presented in *Brown* and hold that summary judgment was properly granted to defendants on plaintiff's state constitution racial discrimination claim.

The trial court's order granting summary judgment to defendants is affirmed.

Affirmed.

Chief Judge ARNOLD and Judge WALKER concur.